**Ronald JOHNSON, et al., Appellant (Defendant Below),**

v.

**William BLANKENSHIP and Sue Blankenship, Appellees (Plaintiff Below).**

**No. 71S03–9712–CV–666.**

Supreme Court of Indiana.

Dec. 12, 1997.

Donald E. Wertheimer, South Bend, for Appellant.

Stephen L. Eslinger, South Bend, for Appellee.

SHEPARD, Chief Justice.

A contractor filed a mechanic's lien for work undertaken on a commercial building and eventually sued to foreclose the lien. The owner of the building has contended that the notice was deficient under Ind.Code 32–8–3–3, which requires filing of a statement of "intention to hold a lien upon the property for the amount of the claim." The owner says this statute requires reference to the particular improvement that is subject to the lien.

The trial court entered judgment for the contractor, and the Court of Appeals held that the statute does not require reference to particular improvements. *Johnson v. Blankenship*, 679 N.E.2d 505 (Ind.Ct.App.1997). In doing so, it declined to follow *Cato v. David Excavating Co.*, 435 N.E.2d 597 (Ind. Ct.App.1982), which held that the statute implies that the lienholder's notice must include a reference to the improvement subject to the lien.

We conclude that the Court of Appeals correctly decided this case. We grant trans-

fer and summarily affirm. Ind.Appellate Rule 11(B)(3). *Cato* is disapproved.

The judgment of the trial court is affirmed.

DICKSON, SULLIVAN, SELBY and BOEHM, JJ., concur.